AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Georgia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br><br>143 Berry Drive, Baxley, Georgia 31415 | )<br>)<br>)   Case No.   2:23-mj-0003<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     Southern    District of     Georgia
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before     May 24, 2023    *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     Hon. Benjamin W. Cheesbro    .
    *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
    ☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    05/10/2023 11:45 am    _____
    *Judge's signature*

City and state: Brunswick, Georgia    *Benjamin W. Cheesbro, United States Magistrate Judge*

Case 2:23-mj-00003-BWC Document 21 Filed 06/02/23 Page 2 of 9

## ATTACHMENT A

### Premises to Be Searched

The premises to be searched is the entire premises located at 143 Berry Drive, Baxley, Georgia 31415, hereinafter the 'Subject Premises'. The Subject Premises is more fully described as a single-story residence with a tan exterior. Wooden steps lead up to the front porch. The white front door has a diamond-shaped window. Dark shutters border the windows on the front of the residence. The premise to be searched includes any appurtenances to the real property, that is, the Subject Premises and any mobile homes, storage units, or outbuildings. Due to the ability and ease for individuals to upload and save child pornography onto media storage devices such as CDs, DVDs, and thumb drives, which can be easily concealed and stored on a person or inside of a vehicle, the premises to be searched includes all persons located at the Subject Premises or within its curtilage, to include **Todd Eric SISK**, and any vehicles located within the curtilage of the Subject Premises.

Case 2:23-mj-00003-BWC SEALED Document 20 Filed 05/10/23 Page 4 of 8

A photograph of the exterior of the Subject Premises is below:



An aerial view of the Subject Premises is below:



Case 2:23-mj-00003-BWC *SEALED* Document 21 Filed 06/02/23 Page 4 of 9

## ATTACHMENT B

**Particular Things to be Seized**

1.  All records, including those stored digitally, pertaining to the production, receipt, distribution, or possession of child pornography, as defined in 18 USC 2256(8), or to the production, receipt, distribution, or possession of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 USC 2256(2), including:

    a.  Records and information relating to images or videos of suspected child pornography;

    b.  Records and information relating to communications between individuals about child pornography;

    c.  Records and information relating to the existence of sites on the internet that contain child pornography or that cater to those with an interest in child pornography;

    d.  Records and information relating to membership in online groups, clubs, or services that provide or make accessible child pornography to members;

    e.  Records and information relating to any e-mail accounts used to view, access, trade or distribute child pornography;

    f.  Records and information relating to use of phone number (912) 937-8378;

g. Records and information relating to use of e-mail addresses "19e74sisk@gmail.com", "tesisk74@gmail.com", "ezert74@gmail.com", and "ericsisk429@gmail.com".

h. Records and information relating to malicious software;

2. Computers or storage media used as a means to commit the violations described above.

3. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses; and

Case 2:23-mj-00003-BWC Document 21 Filed 06/02/23 Page 7 of 9

    m. contextual information necessary to understand the evidence described in this attachment.

4.    Routers, modems, and network equipment used to connect computers to the Internet.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>2:23-mj-0003 | Date and time warrant executed:<br>05/11/2023  1008 hours | Copy of warrant and inventory left with:<br>on kitchen table at residence |
| Inventory made in the presence of :<br>SA Harley Snipes | | |
| Inventory of the property taken and name of any person(s) seized:<br><br>Attached. | | |

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date: _____05/11/2023_____

_____
_Executing officer's signature_

Hillary Nielsen, Special Agent, HSI
_Printed name and title_

# Homeland Security Investigations
## Search Warrant Inventory

| | | | |
|---|---|---|---|
| **Case number:** | SV07QS23SV0001 | **Date:** | May 11, 2023 |
| **Address:** | 143 Berry Drive, Baxley, Georgia | **Case agent:** | Nielsen |
| | | **Completed by:** | Snipes |

| Item number | Description |
|---|---|
| 001 | CELL PHONE - RED G STICKER |
| 002 | CELL PHONE - MOTOROLA BLACK |
| 003 | CELL PHONE - SAMSUNG BLACK |
| 004 | CELL PHONE - MOTOROLA WHITE |
| 005 | PC - TABLET BLACK |
| 006 | SD CARD - SANDISK |
| 007 | CAMERA - POLAROID RED |
| 008 | DATA CD |
| 009 | CELL PHONE - SAMSUNG BLACK |
| 010 | CELL PHONE - SAMSUNG BLACK |
| 011 | SD CARDS - SIM CARDS MISC |
| 012 | PC- LAPTOP SILVER DELL |
| 013 | CELL PHONE - MOTOROLA BLACK |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |